UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | CV 20-11777 AB (Ex) | Date: | March 3, 2021 |
|---|---|---|---|

| Title: | *Shawn Samuel v. JP Morgan Chase Bank Nat'l Assoc.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] ORDER (1) <u>DENYING</u> MOTION FOR REMAND AND (2) <u>GRANTING</u> MOTION TO DISMISS**

Before the Court is Plaintiff pro se Shawn Samuel's ("Plaintiff") Motion for Remand (Dkt. No. 16) and Defendant JPMorgan Chase N.A.'s ("Defendant") Motion to Dismiss (Dkt. No. 6). Both Motions were opposed. The Court previously took them under submission. For the following reasons, the Motion for Remand is **<u>DENIED</u>** and the Motion to Dismiss is **<u>GRANTED</u>**.

## I.   DISCUSSION

The Court first addresses the Motion for Remand.

### A. The Motion for Remand is <u>DENIED</u>.

Plaintiff argues that the action must be remanded on several grounds, none of them has merit. Plaintiff asserts that the Court lacks subject matter jurisdiction (1) because the requirements of diversity jurisdiction are not met and (2) because there is no federal question jurisdiction. However, Defendants do not rely on

diversity jurisdiction. Regarding federal question jurisdiction, it appears that Plaintiff's Complaint attempts to assert claims based on federal statutes, all of which are listed in the Complaint (*see* Not. Removal ("NOR") p. 9) and the Notice of Removal (*see* NOR 1:25-29). Pursuant to 28 U.S.C. § 1331, federal question jurisdiction exists over "all civil actions arising under the Constitution, laws, or treaties of the United States." "An action may 'arise under' a law of the United States if the plaintiff's right to relief necessarily turns on construction of federal law." *Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 769 (1986). Because the Complaint appears to be attempting to assert claims under federal statutes, there is federal question jurisdiction. If Plaintiff files a Complaint that does not include federal claims, then federal question jurisdiction likely will not exist.

Plaintiff's other arguments also lack merit. Simply stated, the removal was timely because Defendant received the Complaint on December 3, 2020 and removed within 30 days thereafter, on December 30, 2020. *See* 28 U.S.C. § 1446(b) (removal must be within 30 days from receipt of complaint). Also, Plaintiff's assertion that Defendant failed to join all other defendants in the removal is without merit: Plaintiff's Complaint is against Defendant only, therefore there are no other defendants to join in the removal. Finally, after removal, Defendant filed a Notice of Removal with the clerk of the State Court.

The Motion for Remand is **DENIED**.

## B. The Motion to Dismiss is <u>GRANTED</u>

Defendant moves to dismiss pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6)..

### 1. Legal Standard

Rule 8(a) requires a complaint to present "[] a short and plain statement of the claim showing that the pleader is entitled to relief; [and] a demand for the relief sought, which may include relief in the alternative or different types of relief." Under Rule 12(b)(6), a defendant may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To defeat a Rule 12(b)(6) motion to dismiss, the complaint must provide enough factual detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must also be "plausible on its face," that is, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at

570). A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Labels, conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### 2. The Complaint Does Not Satisfy Rule 8(a)

The Complaint does not meet Rule 8(a) because it simply lists a number of federal statutes followed by a page and a half of narrative that does not clearly correspond to any claim and that is not reasonably intelligible. *See* NOR pp. 8-9. Furthermore, the Complaint fails to separate each claim into individual causes of action and fails to support each of those causes of action with factual allegations, as opposed to a narrative format, so it does not meet the notice pleading requirements. *See La Strape v. E & J Gallo Winery*, No. 1:08-cv-784-OWW-DLB, 2008 WL 2509203, at *2 (E.D. Cal. June 23, 2008) ("Although [p]laintiff attempts to allege many causes of action and provides a rather detailed description of his alleged experiences, his narrative-style complaint/declaration is insufficient to state legally cognizable causes of action. It is Plaintiff's burden, not that of the Court, to separately identify claims and state facts in support of each claim.").

### 3. The Complaint Fails to State a Claim Under Rule 12(b)(6).

The Complaint attempts to assert numerous claims, but as stated above, the factual allegations are not tied to any particular claim. Furthermore, the factual allegations are vague, conclusory, and although presented as a narrative, are not intelligible as any claim for relief. For this reason, the facts are too vague and conclusory to state a plausible claim, and there is no legally cognizable claim alleged. *See Rasidescu v. Midland Credit Mgmt., Inc.*, No. 05-cv-1794-JAH-WMC, 2005 WL 3271687, at *4 (S.D. Cal. Nov. 23, 2005) ("As set forth in his complaint, Plaintiff's allegations are vague and unclear in violation of Rule 8(a). Accordingly, this Court GRANTS Defendant's motion to dismiss under Rule 12(b)(6) for failure to state a claim."). The Motion to Dismiss will be **GRANTED** with leave to amend.

## II.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Remand (Dkt. No. 16) is **<u>DENIED</u>** and Defendant's Motion to Dismiss (Dkt. No. 6) is **<u>GRANTED</u>**.

Plaintiff may file an amended Complaint within 28 days of the issuance of this Order. If no amended Complaint is filed, the action will be dismissed without leave to amend and the case will be closed.

**IT IS SO ORDERED**.